In the Matter of the Marriage of

## LEWIS,
*Respondent,*
*and*

## LEWIS,
*Appellant.*

(31300; CA A36969)

723 P2d 1079

Phil M. Kelley, Portland, argued the cause and filed the brief for appellant.

Robert P. Van Natta, St. Helens, argued the cause for respondent. With him on the brief was Van Natta & Petersen, St. Helens.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Husband appeals from the judgment in this dissolution of a twenty-five year marriage. We modify the judgment in part and affirm it as modified.

Husband assigns as error the inclusion of paragraph 10 of the judgment, which requires the parties to file amended joint 1984 state and federal income tax returns.[1] In 1982, they purchased a restaurant, which failed in 1984. Unpaid withholding taxes exceeded $17,000. Wife argues that, if joint returns were filed, the business losses would offset husband's income and the income tax refunds would be available for application to delinquent taxes. Husband argued at trial that the debts for unpaid withholding taxes are wife's alone. He also argues here that the court cannot order the parties to file either a federal or a state joint tax return.

■ Under IRC § 6013[2] and ORS 316.367,[3] each spouse has the right to elect whether or not to file a joint return. As one court noted in refusing to require a wife to sign a joint federal return in order to receive marital property in a divorce proceeding:

"'The propriety of considering tax matters in divorce proceedings, however, does not serve as a license for the trial court to compel a party to execute a joint tax return. The trial court is not at liberty to alter basic precepts of federal or of state tax law. The Internal Revenue Code speaks in terms of an election for joint income tax returns made by husbands and wives.* * *

"'* * * * *

---

[1] Paragraph 10 of the judgment provides:

"The parties shall file an amended joint tax return with the Internal Revenue Service for the tax year 1984 and with the Department of Revenue, State of Oregon. Any refund resulting from such a filing shall be applied to payment of the IRS indebtedness and taxes owed the State of Oregon incurred in the operation of Heine's Restaurant."

[2] IRC § 6013 provides, in part:

"(a) Joint Returns. A husband and wife may make a single return jointly of income taxes under subtitle A, even though one of the spouses has neither gross income nor deductions * * *."

[3] ORS 316.367 provides, in part:

"A husband and wife may make a joint return with respect to the tax imposed by this chapter even though one of the spouses has neither gross income nor deductions * * *."

"To sanction the trial court's effectively ordering a spouse to cooperate in filing a joint return would nullify the right of election conferred upon married taxpayers by the Internal Revenue Code. Such a right is not inconsequential; its exercise affects potential criminal and/or civil liabilities of taxpayers." *Leftwich v. Leftwich*, 442 A2d 139, 144 (DC App, 1982).

We adopt the same reasoning here. We conclude that the court cannot order the parties to file either a federal or a state joint tax return. Accordingly, we modify the judgment to eliminate paragraph (10).[4]

Husband next argues that the trial court abused its discretion by allowing wife to refuse to consent to the testimony of an Internal Revenue Service (IRS) agent and thereby prevent the agent from giving testimony. At trial, the agent testified:

"Q. Do you have * * * [consent from wife to testify]?

"A. No. I have an authorization from the commissioner delegated to the district court to appear. That if consent is given by the taxpayer whose case I am working on, that I can testify as to the matters of the particular taxpayer's case.

"Q. Without the consent of the taxpayer; is that correct?

"A. No. Not without consent. Only the consent if the consent is read into the record of the court."

The IRS attorney who accompanied the agent testified to the nature of the agent's refusal:

"[The agent] cannot testify as to the petitioner's tax affairs without the petitioner having consented to such testimony. Any unauthorized disclosure of a tax return or tax return information may constitute a violation of Federal Disclosure Law and may result in civil and criminal liability and dismissal from government employment. [The agent] has no choice but to follow the instruction of the Commissioner of Internal Revenue and to testify only as to matters of public record."

---

[4] The court found that wife is responsible for 53% of the tax debt and husband 47%. Under the judgment, if either party pays more than his or her share, the paying party is entitled to a judgment against the other for the excess amount. Neither party has challenged that ruling. The record gives no indication of the amount of refunds which would have been realized if joint tax returns were filed. Moreover, there is no basis in the record for us to adjust the property division even if the parties do not file joint tax returns.

■ Husband made no offer of proof of what the IRS agent would have testified had wife consented. Even if the agent would have testified that the tax liability was wife's sole responsibility, that testimony would not have been conclusive. An IRS decision about tax liability does not bind the court in a dissolution proceeding in determining spousal responsibility for debts. The evidence before the court that the tax liability was joint was compelling. The parties purchased the restaurant together. Husband had claimed the business losses on the joint income tax returns that the parties had filed in the two previous years. Under the circumstances, the court's refusal to order wife to consent, even if an abuse of discretion, was harmless.

Husband also argues that the court violated ORS 107.036 when it divided the property of the parties and determined support by considering the "fault" of husband in having an extramarital relationship. The argument is without basis in the record. On *de novo* review, and wholly without regard to "fault," we find that the property division and the award of permanent spousal support that the court made was correct.

Judgment modified to eliminate paragraph (10); otherwise affirmed. No costs to either party.